IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CR3005 |
| | ) | |
| v. | ) | |
| | ) | |
| TERRELL WILKINS, | ) | MEMORANDUM |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

    Relying upon 18 U.S.C. § 3582(c)(2) regarding retroactive Amendments to the Guidelines, Terrell Wilkins has filed an "Agreed Motion to Reduce Sentence." That motion will be denied.

    His claim is difficult to decipher. Wilkins evidently thinks that his base offense level should have been 30 under the 2011 Amendments to the crack cocaine Guidelines because he was involved with between 150 grams but less than 500 grams of crack cocaine. Wilkins is mistaken on two points.

    First, he repeatedly admitted, while he was under oath, that he was responsible for between 280 grams but less than 840 grams of crack. (Filing no. 30 at CM/ECF pp. 18 & 20-22.) Indeed, that is what he agreed to in his written plea agreement. (Filing no. 26 at CM/ECF p. 3.)

    Second, the parties agreed at sentencing, and I accepted their agreement, that Wilkins should be sentenced with a base offense level 32 and that was down from the Probation Officer's calculation of 1,000 grams and a level 34. (Filing no. 44, part IB1.) Under the Amendments to the Guidelines that Wilkins relies upon, a base offense level of 32 encompasses a range of at least 280 grams of crack but less than

840 grams of crack. *See* U.S.S.G. § 2D1.1(c)(4) (Drug Quantity Table). That is the amount that Wilkins took responsibility for while being questioned under oath and in a written plea agreement, and that is the amount that properly drove his sentence.

In short, Wilkins is not entitled to relief. Therefore,

IT IS ORDERED that the "Agreed Motion to Reduce Sentence" (filing no. 47) is denied with prejudice.

DATED this 22nd day of November, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge