IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CR3005 |
| | ) | |
| v. | ) | |
| | ) | |
| TERRELL WILKINS, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

    This matter is before me for initial review[1]. Terrell Wilkins (Wilkins) has filed a § 2255 motion and an amended motion. Because it plainly appears that the motions are untimely and also that there is no basis to excuse the late filings, the motions will be denied with prejudice. Briefly, I next explain why that is so.

    I begin with the following reproduction of 28 U.S.C. § 2255(f) that sets forth what is the equivalent of a statute of limitations for filing § 2255 motions:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

>    (1) the date on which the *judgment of conviction* becomes final;
>
>    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (4) the date on which the facts supporting the claim or claims presented *could have been discovered through the exercise of due diligence*.

(Italics added.)

An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008). The judgment in this case was entered on July 18, 2011. (Filing no. 43.) Had Wilkins wished to file an appeal, he was required to do so within 14 days. *See* Fed. R. App. P. 4(b)(1)(A)(i). He did not file an appeal, and his conviction thus became final on July 28, 2011. *See Murray v. United States*, 313 Fed.Appx. 924 (8th Cir. 2009). From that date, Wilkins had one year to timely file a § 2255 motion. His motion was filed on October 31, 2016 (filing no. 61), but it was insufficient because, and among other things, he asserted no grounds for relief. Per my order, he filed an amended motion on December 1, 2016. (Filing no. 63.)

Wilkins essentially claims that his trial counsel was ineffective because trial counsel did not attack several of his past convictions that were counted for criminal history purposes. Essentially, he asserts that his counsel should have attacked some unspecified convictions because Wilkins did not have counsel when those convictions were imposed.

The motion and amended motion are untimely as much more than one year passed after the *judgment of conviction* was filed. Wilkins claims that he did not know about the time limit, his lawyer failed to tell him about it, and he just recently learned that his lawyer should have attacked his criminal history because some of the underlying criminal convictions were imposed without counsel.[2] Despite these assertions, Wilkins provides me with zero evidence that *he* was *duly diligent* for purposes of discovering his claims as explicitly required by 28 U.S.C. § 2255(f)(4).

For example, he fails to tell me what he did to investigate his claim, and when he first found that he had a valid claim. Moreover, since his claim is founded upon the fact that some of the earlier convictions were secured without counsel, it is apparent that Wilkins was aware of the predicate facts at the time those convictions were obtained.

Moreover, he cannot take advantage of the "exceedingly narrow window" of equitable tolling because equitable tolling requires a showing of diligence just like § 2255(f)(4). *See*, *e.g. Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013) ("'Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

---

[2]While he claims that his criminal history resulted from "several" convictions for which he did not have counsel, he does not specify which of his many convictions this assertion applies. His criminal history score was VI. (Filing no. 41 at ¶¶ 55-69.) In this connection, he ignores his plea agreement that explicitly and in bold type banned blanket criminal history objections upon pain of forfeiting the benefits of the plea agreement. (Filing no. 26 at CM/ECF pp. 7 & 10.) He also ignores that same provision and the part that states in bold type: "**Objections to criminal history on the basis that the defendant was not the person who was convicted of the offense(s) described in the presentence investigation report or on the basis that the defendant was not represented by counsel in connection with such conviction(s), if determined to be unfounded, are evidence the defendant has not accepted responsibility and the parties agree no credit for acceptance of responsibility should be given.**" *Id.* (Bold in original.)

3

extraordinary circumstances stood in his way.' *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). 'Equitable tolling is an exceedingly narrow window of relief.' *Riddle v. Kemna*, 523 F.3d 850, 857 (8th Cir.2008) (en banc) (internal quotation marks omitted), abrogated on other grounds by *Gonzalez v. Thaler*, ––– U.S. ––––, 132 S.Ct. 641, 653–54 (2012). Just as [the defendant] failed to show diligence under § 2255(f)(4), he fails to establish the first element for equitable tolling.").[3]

Wilkins may also think that the October 14, 2015 sentence reduction order (filing no. 60), issued pursuant to a retroactive amendment to the Guidelines, restarted the clock. Because such reduction orders are not "judgments of conviction" under the statute quoted above, the clock was not restarted. *See, e.g.*, *United States v. Jones, 796 F.3d 483, 486 (5th Cir. 2015)* (a sentence reduction under § 3582(c)(2) does not restart the clock for AEDPA's one-year limitations) (citations omitted). But, even if the clock started over, Wilkins' first § 2255 motion in this case was filed more than a year after his sentence was reduced.

Finally, a defendant cannot appeal an adverse ruling on a § 2255 motion unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel, 529 U.S. 473, 484-485 (2000)*. I have applied the appropriate standard and determined that the defendant is not entitled to a certificate of appealability.

IT IS ORDERED that the § 2255 motions (filing nos. 61 and 63) are denied with prejudice, no certificate of appealability will be issued, and judgment will be entered by separate document.

---

[3]I also find and conclude that Wilkins has made no showing that an extraordinary circumstance stood in his way.

4

DATED this 8th day of December, 2016.

>BY THE COURT:
>
>s/ *Richard G. Kopf*
>Senior United States District Judge